IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNY HUMPHREY, 1192722,     ) | |
|      Petitioner,     ) | |
| ) | |
| v.     ) | No. 3:13-CV-3427-N |
| ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID,     ) | |
|      Respondent.     ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent William Stephens is Director of TDCJ-CID.

**II. Background**

On June 25, 2003, Petitioner was convicted of aggravated robbery and was sentenced to twenty-seven years in prison. *State of Texas v. Johnny Humphrey*, No. F-0250859 (194th Dist. Ct., Dallas County, Tex., June 25, 2003). On November 29, 2004, Petitioner's conviction and sentence were affirmed on direct appeal. *Humphrey v. State*, No. 05-03-01245-CR (Tex. App. – Dallas, 2004). On August 31, 2005, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. PDR No. 0011-05.

On July 14, 2006, Petitioner filed a state habeas petition. *Ex parte Humphrey*, No. 66,452-01. On December 13, 2006, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court. On May 31, 2007, Petitioner filed a second state habeas petition. *Ex parte Humphrey*, No. 66,452-03. On January 16, 2008, the Texas Court of Criminal Appeals dismissed the petition as subsequent.

On August 22, 2013, Petitioner filed this federal petition for habeas relief. Petitioner argues:

(1)  He is actually innocent;

(2)  He received ineffective assistance of counsel; and

(3)  The prosecutor committed misconduct.

On November 21, 2013, Respondent filed his answer arguing, *inter alia*, that the petition is barred by limitations. On January 16, 2014, Petitioner filed a response. The Court now finds the petition should be dismissed as time-barred.

**III.  Discussion**

**A.     Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

of the United States Magistrate Judge**          Page -2-

direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On August 31, 2005, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. The conviction became final ninety days later, on November 29, 2005. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until November 29, 2006, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On July 14, 2006, Petitioner filed his first state habeas petition. This petition tolled the limitations period for 152 days, until the Court of Criminal Appeals denied the petition on December 13, 2006. When 152 days were added to the November 29, 2006, filing

---

[1]The statute provides that the limitations period shall run from the latest of--

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

deadline, the new deadline became April 30, 2007. On May 31, 2007, Petitioner filed his second state habeas petition. That petition did not toll the limitations period because it was filed after the AEDPA limitations period expired.

Petitioner was required to file his § 2254 petition by April 30, 2007. He did not file his petition until August 22, 2013. His petition is therefore untimely.

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he was misled by the state or prevented in some extraordinary way from asserting his rights. Further, he has failed to show that he diligently pursued his habeas remedies. After his second state habeas petition was denied, he waited over five years to file his federal petition. *See Coleman,* 184 F.3d at 402 (stating that for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief). Petitioner has not showed that he is entitled to equitable tolling.

C.  **Actual Innocence**

Petitioner argues he should be excused from the limitations period because he is actually innocent.  The Supreme Court has recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."  *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013).  A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id*.  Petitioner has failed to meet this high standard.  He has failed to submit any new evidence to support his claims.  Instead, he relies on the trial record to argue he is actually innocent.  Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 19th day of May, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).